LOTTINGER, Judge.
This is an appeal from the trial court’s granting of a partial summary judgment in favor of defendants and the sustaining of the peremptory exception raising the objection of res judicata.
Plaintiffs-appellants, Walter Leroy Ward, III, Joy Gilbert Ward, and Swan S. Ward, seek, among other things, to annul “the final judgment in No. 250,406 on the docket of [the 19th Judicial District Court in and for the Parish of East Baton Rouge], in the matter of Ward v. Pennington, affirmed by the First Circuit Court of Appeal in a decision of the same name reported at 434 So.2d 1131 (La.App. 1st Cir.1983), ...” because of fraud and ill practices. For a complete statement of the facts concerning the original proceeding see the full opinion of this court as above reported.
Plaintiffs-appellants contend that an affidavit and a copy of an April 2, 1957, letter from Pennington to Ward with an alleged marginal notation in Pennington’s handwriting were attached to a memorandum filed with the trial court in support of peremptory exceptions in the first Ward v. Pennington case. It is alleged by plaintiffs that statements in the affidavit in support of the marginal notation as well as the marginal notation were false. Thus they conclude, the judgment was obtained by fraud and ill practices and should be annulled. La.Code Civ.P. art. 2004.
Defendants filed the peremptory exception raising the objections of res judicata, prescription, no right of action, and no cause of action. As to that portion of plaintiffs’ suit which sought to annul the previous judgment, defendants filed a motion for partial summary judgment attaching the record of the trial court in the previous proceeding as well as the record of the court of appeal as proof of no genu *53 ine issues of material fact. Defendants stipulated only for the purposes of the motion for partial summary judgment that the facts in the affidavit as well as the handwritten marginal notation on the April 2, 1957, letter were untrue.
The trial court granted the motion for partial summary judgment as well as the peremptory exception raising the objection of res judicata.
In appealing the plaintiffs contend the trial court erred:
1. in granting a partial summary judgment, and
2. in sustaining the peremptory exception raising the objection of res judi-cata.
I
A motion for summary judgment shall be granted only “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966.
La.Code Civ.P. art. 2004 in part provides:
A final judgment obtained by fraud or ill practices may be annulled, (emphasis supplied).
Defendants-appellees strongly argue that the false affidavit and letter with the false marginal notation were never introduced into evidence and were thus never considered by any of the judges who decided the outcome of the first lawsuit. They continue by arguing that there is a presumption that a judge renders his decision by only reviewing evidence properly before him, and that this affidavit and letter were never before him. Therefore, he could not have considered them in the decision-making process.
Though this argument is persuasive, the fallacy with it is twofold. La.Code Civ.P. art. 2005 in part provides that “[a] judgment ... rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.” This article expressly contemplates that “the ground for nullity” not appear in the record of appeal. A "ground for nullity” could be false information given the trial judge ex parte as in an attachment to a trial memorandum. Also, improper and illegal ex parte contact with a judge, an ill practice, certainly would not appear in the record.
We agree with the defendants that it must be presumed, unless it appears to the contrary in the record, that a judge considers only that evidence which it was proper for him to consider in the decision-making process. However, this is a rebut-table presumption. To rule otherwise would place actions and decisions of judges beyond question.
A stipulation that information given the trial judge outside the record was false and untrue is not dispositive of the issue of whether a judgment was obtained by “fraud or ill practices.” This false information provides a basis for annulment of the judgment only if the trial court relied on it in the decision-making process. Whether the judgment was predicated on fraud or ill practices, i.e., whether the trial court relied on the false information, is a question which presents a genuine issue of material fact which can be determined only after a trial on the merits. Therefore, we conclude the partial summary judgment was granted in error.
II
Inasmuch as we have determined that the partial summary judgment was rendered in error and must be remanded for further proceedings, we reverse the sustaining of the peremptory exception raising the objection of res judicata as being premature.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings. Costs of this appeal are assessed to defendants-appellees.
REVERSED AND REMANDED.